IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
**Northern Division**

|  |  |
|---|---|
| PATRICE CROSWELL, ) | ) |
| 402 Hideaway Loop, Apt. S ) | ) |
| Glen Burnie, MD 21061 ) | ) |
| ) | Civil Action No._____ |
| CHERYL ROMEY, ) | ) |
| 4416 Annapolis Road ) | ) |
| Baltimore, MD 21227 ) | ) |
| ) | ) |
| Plaintiffs, ) | ) |
| ) | ) |
| v. ) | ) |
| ) | ) |
| OAKLEE, LLC ) | ) |
| d/b/a OAK LODGE SENIOR HOME, ) | ) |
| 7755 Outing Avenue ) | ) |
| Pasadena, MD 21122 ) | ) |
| ) | ) |
| and ) | ) |
| ) | ) |
| BENJAMIN S. LEE, ) | ) |
| 14089 Big Branch Drive ) | ) |
| Dayton, MD 21036 ) | ) |
| ) | ) |
| and ) | ) |
| ) | ) |
| KATHLEEN C. LEE, ) | ) |
| 14089 Big Branch Drive ) | ) |
| Dayton, MD 21036 ) | ) |
| ) | ) |
| and ) | ) |
| ) | ) |
| JAY LEE, ) | ) |
| 7755 Outing Avenue ) | ) |
| Pasadena, MD 21122 ) | ) |
| ) | ) |
| and ) | ) |
| ) | ) |
| JEAN LEE, ) | ) |
| 7755 Outing Avenue ) | ) |
| Pasadena, MD 21122 ) | ) |
| ) | ) |

1

Defendants.                    )
_____ )

## COMPLAINT FOR MONETARY RELIEF

Plaintiffs Patrice Croswell and Cheryl Romey ("Plaintiffs"), through their attorneys, bring this Complaint against Defendants Oaklee, LLC, d/b/a/ Oak Lodge Senior Home ("Oak Lodge Senior Home"), Benjamin S. Lee, Kathleen C. Lee, Jay Lee, and Jean Lee ("Defendants"), for unpaid wages and other damages, and hereby state as follows:

## NATURE OF THE ACTION

1. This lawsuit arises out of Defendants' failure to pay Plaintiffs all earned overtime wages, in violation of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"); the Maryland Wage and Hour Law, Md. Code Ann., Lab. & Empl. § 3-401, *et seq.* ("MWHL"); and the Maryland Wage Payment and Collection Law, Md. Code Ann., Lab. & Empl. § 3-501, *et seq.* ("MWPCL").

2. Defendant Oak Lodge Senior Home operates as an assisted living facility, located at 7755 Outing Avenue, Pasadena, Maryland 21122.

3. Defendant Benjamin Lee is an owner and/or operator of Oak Lodge Senior Home, and is a resident of Maryland.

4. Defendant Kathleen Lee is an owner and/or operator of Oak Lodge Senior Home, and is a resident of Maryland.

5. Defendant Jay Lee is a general manager of Oak Lodge Senior Home, and is a resident of Maryland.

6. Defendant Jean Lee is an assistant general manager of Oak Lodge Senior Home, and is a resident of Maryland.

7. Defendants issued paychecks to Plaintiffs for worked performed at their facility in

Pasadena, Maryland.

8. Defendants paid Plaintiffs their regular hourly wage for hours worked in excess of forty hours, in violation of the requirement that Defendants pay employees one-and-one-half times their regular hourly rate for hours worked in excess of forty in any one workweek.

## JURISDICTION AND VENUE

9. This Court has subject-matter jurisdiction over Count I of this Complaint pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331 because this action arises under the laws of the United States.

10. This Court has supplemental jurisdiction over Count II of this Complaint, which arises under the laws of Maryland, pursuant to 28 U.S.C. § 1367(a), because the claims in Count II arise from a common set of operative facts and are so related to the claims within the original jurisdiction of this Court that they form a part of the same case or controversy.

11. This Court has supplemental jurisdiction over Count III of this Complaint, which arises under the laws of Maryland, pursuant to 28 U.S.C. § 1367(a), because the claims in Count III arise from a common set of operative facts and are so related to the claims within the original jurisdiction of this Court that they form part of the same case or controversy.

12. Venue is proper in the United States District Court for the District of Maryland, Northern Division, pursuant to 28 U.S.C. § 1391(b). Defendants employed Plaintiffs at Oak Lodge Senior Home, which is located in Anne Arundel County, Maryland. A substantial part of Defendants' acts and omissions giving rise to the claims in this

Complaint occurred in or failed to occur in Anne Arundel County, Maryland. Defendants frequently do business in Maryland and are subject to personal jurisdiction in the district.

### PLAINTIFFS

13. Plaintiff Patrice Croswell is an adult resident of the state of Maryland.

14. Ms. Croswell worked for Defendants performing services similar to a medical technician and caregiver.

15. Ms. Croswell worked primarily at Defendants' assisted living facility, Oak Lodge Senior Home, located at 7755 Outing Avenue, Pasadena, Maryland 21122.

16. Ms. Croswell worked for Defendants from on or about October 2012 to on or about October 2015.

17. Ms. Croswell performed non-exempt duties for Defendants, including preparing and serving food, cleaning, washing laundry, and administering medication.

18. At all times relevant to this Complaint, Ms. Croswell was an "employee" of Defendants as that term is defined and/or interpreted pursuant to 29 U.S.C. § 203(e), Md. Code Ann., Lab. & Empl. § 3-401 *et seq.* and Md. Code Ann., Lab. & Empl. § 3-501 *et seq.*

19. At all times relevant to this Complaint, Defendants were Ms. Croswell's "employer" as that term is defined and/or interpreted pursuant to 29 U.S.C. § 203(d), Md. Code Ann., Lab. & Empl. § 3-401(b) and Md. Code Ann., Lab. & Empl. § 3-501(b).

20. At all times relevant to this Complaint, Ms. Croswell was engaged in commerce on Defendants' behalf within the meaning of 29 U.S.C. § 203(s)(1)(A)(i).

21. Plaintiff Cheryl Romey is an adult resident of the state of Maryland.

22. Ms. Romey worked for Defendants as a Medical Technician/Caregiver, performing work primarily at Defendants' assisted living facility, Oak Lodge Senior Home, located at 7755 Outing Avenue, Pasadena, Maryland 21122.

23. Mr. Romey worked for Defendants from on or about March 2013 to on or about July 2015.

24. At all times relevant to this Complaint, Ms. Romey was an "employee" of Defendants as that term is defined and/or interpreted pursuant to 29 U.S.C. § 203(e), Md. Code Ann., Lab. & Empl. § 3-401 *et seq.* and Md. Code Ann., Lab. & Empl. § 3-501 *et seq.*

25. At all times relevant to this Complaint, Defendants were Ms. Romey's "employer" as that term is defined and/or interpreted pursuant to 29 U.S.C. § 203(d), Md. Code Ann., Lab. & Empl. § 3-401(b) and Md. Code Ann., Lab. & Empl. § 3-501(b).

26. At all times relevant to this Complaint, Ms. Romey was engaged in commerce on Defendants' behalf within the meaning of 29 U.S.C. § 203(s)(1)(A)(i).

**DEFENDANTS**

27. Defendant Oaklee, LLC, d/b/a/ Oak Lodge Senior Home, is a Maryland corporation with its principle place of business at 7755 Outing Avenue, Pasadena, Maryland 21122, in Anne Arundel County, Maryland.

28. Oak Lodge Senior Home operates as an assisted living facility, providing assisted living services including preparing and serving meals, administering medication, and providing housekeeping, laundry and linen services.

29. At all times relevant to this Complaint, Oak Lodge Senior Home was engaged in commerce within the meaning of 29 U.S.C. § 203(s).

30. Upon information and belief, Oak Lodge Senior Home's gross annual sales made or

business done has been $500,000 or greater at all relevant times.

31. At all times relevant to this Complaint, Oak Lodge Senior Home had and exercised both actual and apparent authority to hire and fire Plaintiffs, direct and supervise Plaintiffs' work, and bind and set wage and hour policies applicable to Plaintiffs.

32. At all times relevant to this complaint, Oak Lodge Senior Home was Plaintiffs' "employer" within the meaning of 29 U.S.C. § 203(d) and Md. Code Ann., Lab. & Empl. §§ 3-401(b), 3-501(b).

33. Defendant Benjamin Lee is an adult resident of Maryland.

34. Benjamin Lee is an owner and/or operator of Oak Lodge Senior Home.

35. At all times relevant to this Complaint, Benjamin Lee had and exercised both actual and apparent authority to hire and fire Plaintiffs, direct and supervise Plaintiffs' work, and bind and set wage and hour policies applicable to Plaintiffs.

36. At all times relevant to this complaint, Benjamin Lee was Plaintiffs' "employer" within the meaning of 29 U.S.C. § 203(d) and Md. Code Ann., Lab. & Empl. §§ 3-401(b), 3-501(b).

37. Defendant Kathleen Lee is an adult resident of Maryland.

38. Kathleen Lee is an owner and/or operator of Oak Lodge Senior Home. Kathleen Lee's duties included signing Plaintiffs' paychecks.

39. At all times relevant to this Complaint, Kathleen Lee had and exercised both actual and apparent authority to hire and fire Plaintiffs, direct and supervise Plaintiffs' work, and bind and set wage and hour policies applicable to Plaintiffs.

40. At all times relevant to this complaint, Kathleen Lee was Plaintiffs' "employer" within the meaning of 29 U.S.C. § 203(d) and Md. Code Ann., Lab. & Empl. §§ 3-

401(b), 3-501(b).

41. Defendant Jay Lee is an adult resident of Maryland.

42. Jay Lee is a general manager of Oak Lodge Senior Home. Jay Lee's duties included assigning and supervising Plaintiffs' performance of tasks.

43. At all times relevant to this Complaint, Jay Lee had and exercised both actual and apparent authority to hire and fire Plaintiffs, direct and supervise Plaintiffs' work, and bind and set wage and hour policies applicable to Plaintiffs.

44. At all times relevant to this complaint, Jay Lee was Plaintiffs' "employer" within the meaning of 29 U.S.C. § 203(d) and Md. Code Ann., Lab. & Empl. §§ 3-401(b), 3-501(b).

45. Defendant Jean Lee is an adult resident of Maryland.

46. Jean Lee is an assistant manager of Oak Lodge Senior Home. Jean Lee's duties included assigning Plaintiffs' work schedules.

47. At all times relevant to this Complaint, Jean Lee had and exercised both actual and apparent authority to hire and fire Plaintiffs, direct and supervise Plaintiffs' work, and bind and set wage and hour policies applicable to Plaintiffs.

48. At all times relevant to this complaint, Jean Lee was Plaintiffs' "employer" within the meaning of 29 U.S.C. § 203(d) and Md. Code Ann., Lab. & Empl. §§ 3-401(b), 3-501(b).

## FACTS

49. Defendants operate an assisted living facility with its principle place of business located at 7755 Outing Avenue, Pasadena, Maryland 21122.

50. Defendants supervised Plaintiffs and controlled the terms and conditions of Plaintiffs'

employment.

51. Defendants assigned Plaintiffs tasks and directed the means of carrying out those tasks.

52. Defendants monitored and evaluated Plaintiffs' job performance.

53. Defendants controlled Plaintiffs' work schedules, rate of pay and employment status.

54. Plaintiffs' personal records and paystubs reflect that during many workweeks, Plaintiffs worked in excess of forty hours per week.

55. Defendants knowingly required Plaintiffs to work in excess of forty hours a workweek.

56. Defendants told Plaintiffs they would not be paid the overtime rate of one-and-one-half times the regular rate of pay for hours worked over forty in any one workweek.

57. Defendants told Plaintiffs they would only be paid the regular rate of pay for each hour worked, regardless of how many hours Plaintiffs worked in any one workweek.

58. Defendants paid Plaintiffs every two weeks (bi-weekly).

59. Defendants paid Plaintiffs by check and issued Plaintiffs a paystub with each check.

60. These paystubs demonstrate that Defendants did not pay Plaintiffs one-and-one-half for overtime hours.

61. Some of Plaintiffs' paystubs demonstrate that Plaintiffs worked over eighty hours over the two-week period covered by the paystub at the regular rate of pay for all hours worked. *See* Ex. A (P. Croswell Paystub No. 21075, showing 108 hours worked between December 22, 2013 and January 4, 2014, at the regular rate of $10.35, for a total of $1,117.80); Ex. B (C. Romey Paystub No. 21094, showing 113 hours worked between January 19, 2014 and February 1, 2014, at the regular rate of

$11.00, for a total of $1,243.00).

62. Other paystubs show that Defendants split Plaintiffs' time for the same pay period between two pay codes, "Regular Py" and "Regular II," so that it would appear that Defendants did not owe Plaintiffs the overtime pay that Defendants owed Plaintiffs. *See* Ex. C (P. Croswell Paystub No. 21399, showing 5.00 hours worked at the regular rate of $10.75 coded as "Regular Py," and an unexplained number of hours for which Defendants paid Ms. Croswell the sum of $903.00, coded as "Regular II"); Ex. D (C. Romey Paystub No. 21174, showing 10.50 hours worked at the regular rate of $11.00 coded as "Regular Py," and an unexplained number of hours for which Defendants paid Ms. Romey the sum of $924.00 coded as "Regular II").

63. Upon information and belief, Defendants did not display any notification of employees' rights under federal or state wage and hour laws.

64. Defendants failed to comply with the posting requirements of 29 C.F.R. § 516.4 and Md. Code Ann., Lab. & Empl. § 3-423.

65. Defendants were and are aware that the FLSA, 29 U.S.C. § 207(a) and the MWHL, Md. Code Ann., Lab. & Empl. § 3-415(a) require employers to pay all employees overtime wages at one-and-a-half times their regular rate of pay for hours worked in excess of forty hours each workweek.

66. The FLSA, 29 § U.S.C. 211(c) and 29 C.F.R. § 516.6 require Defendants to keep and maintain records for at least two years documenting the compensation of each employee, the rate of pay for each employee, and the total hours worked each workday and each workweek.

67. The MWHL, Md. Code Ann., Lab. & Empl. § 3-424 requires Defendants to keep and

maintain records for at least three years documenting the compensation of each employee, the rate of pay for each employee, and the total hours worked each workday and each workweek.

68. Defendants' failure to pay Plaintiff's wages as required by law was not the result of a bona fide dispute.

69. Defendants' failure to pay Plaintiff's wages as required by law was willful and in bad faith.

## COUNT I: VIOLATION OF THE FAIR LABOR STANDARDS ACT

70. Plaintiffs re-allege and incorporate by reference each and every allegation set forth in the preceding paragraphs in support of their claims under the FLSA.

71. Plaintiffs worked for Defendants and performed "non-exempt" duties under the FLSA.

72. During the applicable statutory period, Plaintiffs routinely worked hours in excess of forty per workweek without receiving overtime compensation from Defendants for these hours, in violation of 29 U.S.C. § 207(a).

73. Plaintiffs were not exempt from being paid overtime wages at a rate of one-and-one-half times the federal minimum wage for hours worked over forty in a workweek.

74. Defendants' violations of the FLSA were willful as that term is used and interpreted pursuant to 29 U.S.C. § 255(a).

75. Defendants have not acted in good faith or with reasonable grounds to believe that their actions and omissions were not in violation of the FLSA. As a result thereof, Plaintiff is entitled to recover all unpaid overtime wages. Additionally, Plaintiff is entitled to recover liquidated damages in an amount equal to the unpaid wages

described above, plus costs and reasonable attorneys' fees incurred in the filing and prosecution of this action, pursuant to 29 U.S.C. § 216(b).

76. Alternatively, should the Court find that Defendants have not acted willfully in failing to pay minimum and overtime wages, Plaintiff is entitled to an award of prejudgment interest on all unpaid wages at the applicable legal rate.

### COUNT II: VIOLATION OF THE MARYLAND WAGE & HOUR LAW

77. Plaintiffs re-allege and incorporate by reference each and every allegation set forth in the preceding paragraphs in support of their claims under the MWHL.

78. Plaintiffs were not exempt from being paid overtime wages at a rate of one-and-one-half times the federal minimum wage for hours worked over forty in a workweek.

79. During the applicable statutory period, Plaintiffs routinely worked hours in excess of forty per workweek without receiving overtime compensation from Defendants for these hours, in violation of Md. Code Ann., Lab. & Empl. § 3-415(a).

80. The wages Defendants withheld from Plaintiffs were not withheld as the result of a bone fide dispute.

81. Plaintiffs are entitled to recover all unpaid overtime wages, in addition to liquidated damages in an amount equal to the amount of unpaid wages described above, plus costs and reasonable attorneys' fees incurred in the filing and prosecution of this action, pursuant to Md. Code Ann., Lab. & Empl. § 3-427.

82. Alternatively, should the Court find that Defendants have not acted willfully in failing to pay minimum and overtime wages, Plaintiffs are entitled to an award of prejudgment interest on all unpaid wages at the applicable legal rate.

## COUNT III: VIOLATION OF THE MARYLAND WAGE PAYMENT AND COLLECTION LAW

83. Plaintiffs re-allege and incorporate by reference each and every allegation set forth in the preceding paragraphs in support of their claims under the MWPCL.

84. During the applicable statutory period, Plaintiffs routinely worked hours in excess of forty per workweek without receiving overtime compensation from Defendants for these hours, in violation of Md. Code Ann., Lab. & Empl. § 3-507.2(b).

85. Defendants did not withhold Plaintiff's wages as a result of a bona fide dispute. Therefore, Plaintiff is entitled to recover from Defendants three times the wages owed, in addition to reasonable attorneys' fees and costs, pursuant to Md. Code Ann., Lab. & Empl. § 3-507.2(b).

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray that the Court:

(a) Grant judgment for Plaintiffs against Defendants on all counts;

(b) Order Defendants, jointly and severally, pursuant to the Fair Labor Standards Act, to pay to Plaintiffs the unpaid overtime wages owed to them pursuant 29 U.S.C. § 207, plus an equal amount in liquidated damages pursuant to 29 U.S.C. § 216;

(c) Order Defendants, jointly and severally, pursuant to the Maryland Wage and Hour Law, to pay to Plaintiffs the unpaid overtime wages owed to them pursuant to Md. Code Ann., Lab. & Empl. § 3-415(a), plus an equal amount in liquidated damages pursuant to Md. Code Ann., Lab. & Empl. § 3-427;

(d) Order Defendants, jointly and severally, pursuant to Md. Code Ann., Labor & Employ. Article § 3-507.1 and 3-507.2, to pay Plaintiffs the wages illegally withheld from them, plus three times the amount of wages in liquidated damages

       pursuant to 3-507.2(b);

(e)    Order Defendants to pay Plaintiff's reasonable attorney's fees and costs; and

(f)    Order any other relief that the Court deems just and equitable.

       Respectfully Submitted,

_/s/ Daniel A. Katz_
Daniel A. Katz, Bar No. 12026
dkatz@ggilbertlaw.com

_/s/ Marlene S. Ailloud_
Marlene S. Ailloud, Bar No. 18974
mailloud@ggilbertlaw.com

The Law Offices of Gary M. Gilbert
& Associates, P.C.
1100 Wayne Avenue, Suite 900
Silver Spring, Maryland 20910
Tel: (301) 608-0880; Fax: (301) 608-0881

Counsel for Plaintiffs